# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### CLEVELAND

## CASE NO.:

DAVID GORDON OPPENHEIMER,

               Plaintiff,

v.

WTWH MEDIA, LLC,

               Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DMCA 1202 VIOLATIONS

## (INJUNCTIVE RELIEF AND JURY TRIAL DEMANDED)

Plaintiff DAVID GORDON OPPENHEIMER, by and through his undersigned counsel, brings this Complaint against Defendant WTWH MEDIA, LLC for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Oppenheimer's original copyright-protected Work of authorship, and under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, for the unauthorized removal or alteration of his copyright management information ("CMI"), and the subsequent distribution of unauthorized copies of Oppenheimer's original copyright-protected Work.

2. Oppenheimer is an independent travel, aerial, and concert photographer, who operates an established business in North Carolina, Performance Impressions LLC, as the primary outlet to sell prints of his work in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos featuring

## SRIPLAW
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States. His work has been featured by National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports, and on display at the Museum of the City of New York.

3. Defendant WTWH MEDIA, LLC ("WTWH" or "Defendant") is a business-to-business media and events company that informs and influences key decision-makers and industry experts, and provides content to professionals in the engineering, healthcare, food, retail, hospitality, life sciences, and robotics sectors. At all times relevant herein, WTWH owned and operated the internet website located at the URL https://clubandresortbusiness.com (the "Website").

4. Oppenheimer alleges that WTWH copied Oppenheimer's copyright-protected Work from the internet in order to advertise, market and promote its business activities. WTWH committed the violations alleged in connection with its business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501 and under the Digital Millennium Copyright Act 17 U.S.C. § 1202.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. WTWH is subject to personal jurisdiction in Ohio.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, WTWH engaged in infringement in this district, WTWH resides in this district, and WTWH is subject to personal jurisdiction in this district.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

## DEFENDANT

9.    WTWH Media, LLC is a Delaware Limited Liability Company, with its principal place of business located at 1111 Superior Avenue E, Suite 2600, Cleveland, OH 44114, and can be served by serving its Registered Agent, Michael P. Coyne, at 1991 Crocker Road, #550, Westlake, OH 44145.

## THE COPYRIGHTED WORK AT ISSUE

10.    In 2012, Oppenheimer created a photograph of the Beach Point Club in Westchester County New York while aboard a watercraft, as shown below and referred to herein as (the "Work").



Beach Point Club - Mamaroneck - Beach Club in Westchester County New York
Beach Point Club - Mamaroneck - Beach Club in Westchester County New York - © 2012 David Oppenheimer - Performance Impressions moby.to/hhl1cs

11.    Oppenheimer has complied in all respects with 17 U.S.C. § 102 and all other laws governing federal copyright applicable to the Work. Prior to first publication of the Work, he registered the Work with the U.S. Copyright Office as part of group registration titled, "*Travel and Event Photography by David Oppenheimer*." The Work is on deposit with the U.S. Copyright Office with the contents title "*May_2012_Travels__OPP7207.jpg*." The registration

was assigned the number VAu 1-102-583 with an effective date of May 19, 2012. A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit 1**.

12. Prior to publication, Oppenheimer applied CMI to the Work including: (1) a legible watermark containing a proper copyright notice reading "© 2012 David Oppenheimer" in the bottom right corner of the Work (the "Watermark"); and (2) an adjacent caption accompanying the Work where it was published that included an additional copyright notice and the trade name of Oppenheimer's photography business, "Performance Impressions" (the "Attribution"). The CMI as displayed with the Work can be seen in paragraph 10 above.

13. The Work in perspective, orientation, positioning, lighting, and other details is entirely creative and original. As such, the Work qualifies as subject matter protectable under the Copyright Act.

14. At all relevant times Oppenheimer was the owner of the copyright-protected Work.

## INFRINGEMENT BY WTWH

15. WTWH has never been licensed to use the Work for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, WTWH copied the Work.

17. On or about January 28, 2023, Oppenheimer discovered the unauthorized use of his Work on the Website[1].

---

[1] 1. The infringement occurred on the Website at, among other locations, the following URLs:
Webpage URL:
https://clubandresortbusiness.com/club-aquatics-and-pools-2022/beach-point-club/
Image URLs:
https://clubandresortbusiness.com/wp-content/uploads/2022/05/7238983624_b736f85c87_b.jpeg
https://clubandresortbusiness.com/wp-content/uploads/2022/05/7238983624_b736f85c87_b-1-368x300.jpeg
https://clubandresortbusiness.com/wp-content/uploads/2022/05/7238983624_b736f85c87_b-368x300.jpeg

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

18.     WTWH copied Oppenheimer's copyright-protected Work without Oppenheimer's permission.

19.     After WTWH copied the Work, WTWH made additional copies and distributed the Work via the Website in connection with WTWH's business-to-business media activities, including publication of editorial content directed to the club and resort industry, for commercial purposes such as attracting readership and customers (including advertisers, sponsors, and subscribers) and generating advertising and marketing revenue.

20.     WTWH copied and distributed the Work in connection with WTWH's business, including for the purpose of advertising and promoting the Website and related offerings, and in the course and scope of WTWH's commercial activities.

21.     WTWH committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2** and shown in paragraph 23 below.

22.     Oppenheimer never gave WTWH permission or authority to copy, distribute or display the Work.

23.     After WTWH copied the Work, WTWH distributed the Work without Oppenheimer's CMI by cropping out the visible Watermark from at least two copies and by distributing the Work without the adjacent Attribution that accompanied the Work where Oppenheimer published it, as reflected below:

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS



**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

24.    Oppenheimer never gave WTWH permission or authority to remove, obscure, or omit CMI from the Work.

25.    Oppenheimer notified WTWH of the allegations set forth herein on September 19, 2024, and made several attempts to resolve including contacting WTWH on September 23, 2024, October 23, 2024, November 30, 2024, January 10, 2025, and January 13, 2025, and through counsel on June 12, 2025. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

26.    Oppenheimer incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.    Oppenheimer owns a valid copyright in the Work.

28.    Oppenheimer registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29.    WTWH copied, displayed, and distributed the Work and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

30.    WTWH performed the acts alleged in the course and scope of its business activities.

31.    Defendant's acts were willful.

32.    Oppenheimer has been harmed.

33.    Upon information and belief, Defendant has benefitted from its infringement of the Work, while Oppenheimer has suffered and will continue to suffer harm including (i) monetary damages such as lost licensing income, diminished licensing value, and Defendant's profits attributable to the infringement, and (ii) irreparable injury to Oppenheimer's business, reputation, and professional goodwill, including dilution of the Work's market value and loss of

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

exclusivity; therefore, Oppenheimer is entitled to injunctive relief, damages, and other relief available under Title 17.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION AND DISTRIBUTION WITHOUT COPYRIGHT MANAGEMENT INFORMATION

34. Oppenheimer incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

35. The Work at issue in this case contains CMI.

36. WTWH knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b)(1).

37. After removing, altering, or obscuring Oppenheimer's Watermark from the Work, WTWH distributed copies of the Work while omitting the Attribution, knowing that Oppenheimer's CMI had been removed, altered, or obscured without authority, in violation of 17 U.S.C. § 1202(b)(3).

38. WTWH committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work protected under the Copyright Act.

39. WTWH caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work protected under the Copyright Act.

40. Oppenheimer has been harmed.

41. Upon information and belief, Defendant has benefitted from its infringement of the Work, while Oppenheimer has suffered and will continue to suffer harm including (i)

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

monetary damages such as lost licensing income, diminished licensing value, and Defendant's profits attributable to the infringement, and (ii) irreparable injury to Oppenheimer's business, reputation, and professional goodwill, including dilution of the Work's market value and loss of exclusivity; therefore, Oppenheimer is entitled to injunctive relief, damages, and other relief available under Title 17.

WHEREFORE, Plaintiff DAVID GORDON OPPENHEIMER prays for judgment against the Defendant WTWH MEDIA, LLC that:

a. Pursuant to 17 U.S.C. § 502 and 17 U.S.C. § 1203(b)(1), WTWH, its officers, agents, servants, employees, affiliated entities, and all persons acting in concert or participation with it, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202, including, but not limited to, an order requiring the removal of all infringing copies of Oppenheimer's works from Defendant's Website, social media pages, and marketing channels;

b. WTWH be required to pay Oppenheimer his actual damages and Defendant's profits attributable to the infringement, or, at Oppenheimer's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Oppenheimer be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Oppenheimer be awarded pre- and post-judgment interest; and

e. Oppenheimer be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Oppenheimer hereby demands a trial by jury of all issues so triable.

Dated: January 27, 2026   Respectfully submitted,

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

*/s/ John D. Gugliotta*
JOHN D. GUGLIOTTA
Bar Number: 0062809
johng@inventorshelp.com

**GUGLIOTTA & GUGLIOTTA, LPA**
3020 West Market Street
Akron, OH  44333
330.253.2255 - Telephone
330.253.6658 – Facsimile

and

*/s/Anthony J. Underwood*
ANTHONY J. UNDERWOOD
(*Pending Application for Admission Pro Hac Vice*)
anthony.underwood@sriplaw.com

**SRIPLAW, P.A.**
3355 Lenox Road NE
Suite 750
Atlanta, GA  30326
470.200.0155 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Gordon Oppenheimer*